**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE CITY OF POUGHKEEPSIE, individually, and on behalf of all others similarly-situated, <br><br> Plaintiff, <br><br> v. <br><br> PURDUE PHARMA L.P.; PURDUE PHARMA INC.; PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC F/K/A ACTAVIS PLC; ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; INSYS THERAPEUTICS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH INC.; AMERISOURCEBERGEN DRUG CORPORATION; AMERICAN MEDICAL DISTRIBUTORS, INC.; BELLCO DRUG CORP.; BLENHEIM PHARMACAL, INC.; EVEREADY WHOLESALE DRUGS LTD.; KINRAY, LLC; PSS WORLD MEDICAL, INC.; ROCHESTER DRUG COOPERATIVE, INC.; DARBY GROUP COMPANIES, INC.; RAYMOND SACKLER FAMILY; MORTIMER SACKLER FAMILY; RICHARD S. SACKLER; JONATHAN D. SACKLER; MORTIMER D.A. SACKLER; KATHE A. SACKLER; ILENE SACKLER LEFCOURT; BEVERLY SACKLER; THERESA SACKLER; DAVID A. SACKLER; RHODES | Civil Action No. _____ <br><br> (Formerly Index No. 2019-51786, Supreme Court of the State of New York, County of Dutchess) |

| | |
|---|---|
| TECHNOLOGIES; RHODES TECHNOLOGIES INC.; RHODES PHARMACEUTICALS L.P.; RHODES PHARMACEUTICALS INC.; TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY; THE P.F. LABORATORIES, INC.; STUART D. BAKER; PAR PHARMACEUTICAL, INC.; PAR PHARMACEUTICAL COMPANIES, INC.; MALLINCKRODT PLC; MALLINCKRODT LLC; SPECGX LLC; MYLAN PHARMACEUTICALS, INC.; SANDOZ, INC.; WEST-WARD PHARMACEUTICALS CORP. N/K/A HIKMA PHARMACEUTICALS, INC.; AMNEAL PHARMACEUTICALS, INC.; NORAMCO, INC.; JOHN N. KAPOOR; ANDA, INC.; DISCOUNT DRUG MART, INC.; HBC SERVICE COMPANY; MORRIS & DICKSON CO., LLC; PUBLIX SUPERMARKETS, INC.; SAJ DISTRIBUTORS; VALUE DRUG COMPANY; SMITH DRUG COMPANY; CVS HEALTH CORPORATION; RITE AID OF MARYLAND, INC., D/B/A RITE AID MID-ATLANTIC CUSTOMER SUPPORT CENTER, INC.; RITE AID CORP.; WALGREENS BOOTS ALLIANCE, INC.; WALGREEN EASTERN CO.; WALGREEN, CO.; WAL-MART INC.; MIAMI-LUKEN, INC.; THE KROGER CO.; HENRY SCHEIN, INC.; HENRY SCHEIN MEDICAL SYSTEMS, INC. | |
| Defendants. | |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and with full reservation of defenses, Defendant CVS Health Corporation ("CVS") gives notice of the removal of this action originally filed in the Supreme Court of the State of New York, Dutchess County, to the United States District Court for the Southern District of New York. In support of removal, CVS

6889965.1

provides this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

## I. Background

1. On May 15, 2019, Plaintiff, the City of Poughkeepsie, filed a Verified Complaint ("Compl.") in the Supreme Court of the State of New York, Dutchess County, for claims relating to prescription opioid medications. *See* Ex. 1.

2. This action is one of more than 2,000 opioid lawsuits filed by political subdivisions against manufacturers, distributors, and dispensers of prescription opioid medications. Plaintiffs in these cases contend that Defendants are liable for economic and non-economic harms they allege were caused by the abuse of prescription opioid medications.

3. On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation in the Northern District of Ohio ("Opiate MDL") for all of these cases—cases in which "cities, counties and states . . . allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor . . . and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Dkt. No. 328 (Dec. 5, 2017 Transfer Order) (Ex. 2). To date, more than 1,400 actions have been transferred to the Opiate MDL.

4. The City of Poughkeepsie asserts claims for deceptive acts and practices under New York General Business Law § 349, false advertising under New York General Business Law § 350, public nuisance, violation of New York Social Services Law § 145-b, fraud, unjust enrichment, and negligence. Plaintiff asserts these claims on behalf of a class made up of "New

York Counties, Cities, Towns, and Villages." Compl. ¶¶ 48, 1072–79. Plaintiff asserts that the New York counties, cities, towns, and villages and their residents have suffered a litany of injuries due to the residents' alleged abuse of addictive opioids. *See, e.g.*, *id.* ¶¶ 43–44. To remedy these injuries, Plaintiff seeks compensatory damages, treble damages, and punitive damages on a class-wide basis. *Id.* at 297.

## II. Removal Under CAFA

5. CAFA extends federal diversity jurisdiction to class actions if the aggregate amount in controversy exceeds $5 million; there are at least 100 members of the proposed plaintiff class; and any member of the class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(5)(B), (d)(6). Each of these requirements is met here.

### A. This Case is a Class Action

6. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

7. Plaintiff seeks to bring this case as a class action under Section 901 of New York Civil Practice Law and Rules—New York's analog to Rule 23 of the Federal Rules of Civil Procedure—which authorizes a representative party to bring suit on behalf of a class. *Compare* N.Y. C.P.L.R. § 901 *with* Fed. R. Civ. P. 23; *see* Compl. ¶¶ 1072–1079. Accordingly, this case qualifies as a class action under CAFA.

### B. The Aggregate Amount in Controversy Exceeds $5 Million

8. For a case to be removable under CAFA, the amount in controversy must exceed $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(6). The amount in

4

controversy is calculated by aggregating the claims of the individual class members. 28 U.S.C. § 1332(d)(6). If the complaint does not allege a specific amount in controversy, the party seeking federal jurisdiction must establish the amount in controversy by "reasonable probability." *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006).

9. Here, Plaintiff alleges injuries resulting from opioid abuse and addiction that have allegedly afflicted the residents of the City of Poughkeepsie and New York's other counties, cities, towns, and villages, with allegations extending as far back as the 1990s. *See, e.g.*, Compl. ¶ 14 ("Defendants, through a sophisticated and highly deceptive and unfair marketing campaign that began in the late 1990s . . . ."). Plaintiff alleges that "Plaintiffs spend millions of dollars each year to provide and pay for health care, services, pharmaceutical care and other necessary services and programs on behalf of residents of their Counties, Cities, Towns, and Villages. . ." *Id.* ¶ 2. Plaintiff further alleges that local governments have been required to take steps to fight the continued rise of the opioid epidemic, including creating "a host of services to assist people suffering from opioid addiction and reduce overdose deaths." *Id.* ¶¶ 25–26.

10. Although Plaintiff does not allege a specific amount in controversy, it seeks compensatory damages, treble damages, and punitive damages on a class-wide basis. *Id.* at 297. Further, Plaintiff alleges New York's counties, cities, towns, and villages have spent "millions of dollars each year" to combat Defendants' alleged deceptive marketing campaign, and the putative class members "continue to incur costs related to opioid addiction and abuse, including, but not limited to, health care costs, criminal justice and victimization costs, social costs, and lost

productivity costs." *Id.* ¶¶ 44, 995. Given the extent of the alleged injuries and the time period, it is clear that the alleged amount in controversy exceeds $5 million.[1]

### C. There Are at Least 100 Members of the Proposed Class

11. CAFA confers jurisdiction over class actions with at least 100 proposed class members. 28 U.S.C. § 1332(d)(5)(B). The party seeking federal jurisdiction must establish by a preponderance of the evidence that CAFA's numerosity requirement is met. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 119 (2d Cir. 2014), *as amended* (Nov. 12, 2014), *certified question accepted sub nom. Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 24 N.Y.3d 1028 (2014), and *certified question answered sub nom. Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 25 N.Y.3d 543 (2015); *see also Hart v. Rick's NY Cabaret Intern., Inc.*, 967 F. Supp. 2d 955, 962 (S.D.N.Y. 2014).

12. Here, Plaintiff asserts that it intends to bring a class action on behalf of all of New York counties, cities, towns, and villages. *See* Compl. ¶¶ 48, 1072–1079. As of June 30, 2012, the State of New York had 3,453 active local governments including 57 county governments, 614 municipal governments (defined as cities and villages), and 929 town or township governments.[2] Therefore, there is no doubt that the potential number of proposed class members exceeds CAFA's 100-member requirement.

### D. Minimal Diversity Exists Between the Parties

13. Under CAFA, class actions need only have minimal diversity between the parties as opposed to complete diversity. *See* 28 U.S.C. § 1332(d)(2)(A). In other words, a case satisfies

---

[1] The amount in controversy represents only what Plaintiff requests at this stage in the proceeding. This is not an admission that Plaintiff is entitled to recover this amount. *See, e.g.*, *Lewis*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. To establish the jurisdictional amount, [the defendant] need not concede liability for the entire amount[.]" (citations omitted)).

[2] U.S. Census Bureau, 2012 Census of Government, Individual State Descriptions: 2012, U.S. Government Printing Office, Washington, DC, 2013 at 203, https://www2.census.gov/govs/cog/2012isd.pdf.

CAFA's diversity requirement as long as the plaintiff's citizenship differs from that of at least one defendant. *Id.*

14. For purposes of diversity jurisdiction, a political subdivision is a citizen of the state. *See Moor* v. *Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State . . . is a citizen of the State for diversity purposes."). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1). For CAFA purposes, the citizenship of any unincorporated association, such as limited partnerships and limited liability companies, is also determined by the entity's state of incorporation and principal place of business. 28 U.S.C. § 1332(d)(10).

15. Here, all of the members of the proposed class—namely, the counties, cities, towns, and villages of New York—are citizens of New York, and no fewer than 54 of 74 defendants are citizens of states other than New York or foreign states. *See id.* ¶¶ 49, 53–54, 61, 65, 68, 70, 72, 79, 84, 89, 95, 101, 106, 111, 116, 122, 128, 135–46, 148–59, 184–85, 188–89, 191, 193, 199, 201, 203, 205, 208, 210, 212–13, 216, 220, 222–24. For example, Plaintiff alleges:

   i. Defendant Purdue Pharma, L.P. is organized under the laws of Delaware with its principal place of business in Stamford, Connecticut. *Id.* ¶ 49.

   ii. Defendant Teva Pharmaceuticals USA, Inc. is a Delaware corporation with its principal place of business in North Wales, Pennsylvania. *Id.* ¶ 53.

   iii. Defendant Cephalon, Inc. is a Delaware corporation with its principal place of business in Frazer, Pennsylvania. *Id.* ¶ 54.

   iv. Defendant Allergan PLC is incorporated under the laws of Ireland with its principal place of business in Dublin, Ireland. *Id.* ¶ 68.

   v. Defendant McKesson Corporation is a Delaware corporation with its principal place of business in San Francisco, California. *Id.* ¶ 72.

7

vi. Defendant Cardinal Health Inc. is an Ohio corporation with its principal place of business in Dublin, Ohio. *Id.* ¶ 79.

vii. Defendant CVS is a Delaware corporation with its principal place of business in Rhode Island. *Id.* ¶ 210.

16. Because there is diversity of citizenship between at least one plaintiff and at least one defendant, CAFA's minimal diversity requirement is met.[3]

### III. Compliance With Procedural Requirements

17. CVS files this Notice of Removal under 28 U.S.C. §§ 1441(a) and 1453 in the United States District Court for the Southern District of New York because the Supreme Court for the State of New York, Dutchess County is located within this district.

18. CVS has satisfied the procedural requirements for removal under 28 U.S.C. § 1446. This Notice is signed pursuant to Federal Rule of Civil Procedure 11, and although CVS has not yet been served with the Complaint, a copy of the Complaint and Summons are attached as Exhibit 1. As discussed above, CAFA serves as the grounds for this removal. Because CVS has not been served with the Complaint, CVS's 30-day removal clock has not started to run, and this removal is timely under 28 U.S.C. § 1446(b).

i. Under CAFA, "[a] class action may be removed . . . by any defendant *without* the consent of all defendants." 28 U.S.C. § 1453(b) (emphasis added). Therefore, CVS need not obtain the other defendants' consent to remove this action.

---

[3] In the past three years, similar class actions have been filed against many of the same defendants on behalf of other persons.

8

6889965.1

**Conclusion**

For these reasons, CVS removes this action from the Supreme Court of the State of New York, Dutchess County, to this Court and intends to seek to have this case transferred to the Opiate MDL.

Date: July 22, 2019

Respectfully submitted,

CVS Health Corporation

By: /s/ *Shawn P. Naunton*
Shawn P. Naunton
Adam L. Fotiades*
Vanessa I. Garcia
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Telephone: (212) 704-9600
Fax: (212) 704-4256
E-mail: snaunton@zuckerman.com
afotiades@zuckerman.com
vgarcia@zuckerman.com

Conor B. O'Croinin*
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202–1031
Telephone: (410) 949–1160
Fax: (410) 659-0436
E-mail: cocroinin@zuckerman.com

*Denotes national counsel that will seek *pro hac vice* admission

*Counsel for CVS Health Corporation*

**CERTIFICATE OF SERVICE**

      I, Shawn P. Naunton, hereby certify that on this 22nd day of July 2019, the foregoing document was electronically filed with the Clerk of the Court, to be served by the Court's electronic notification system upon all attorneys of record.

                                              /s/ *Shawn P. Naunton*
                                              Shawn P. Naunton